UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

*Northern*

| | |
|---|---|
| **Deloris S. Dockett**, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| **Capital One Bank, N.A.,** a foreign corporation, | ) |
| **Wells Fargo Financial Alabama, Inc.,** a domestic | ) |
| corporation, **G.E. Money Bank,** a foreign | ) |
| corporation, **Equifax Information Services, LLC,** | ) |
| a foreign limited liability company, and **Experian** | ) |
| **Information Solutions, Inc.,** a foreign corporation, | ) |
| | ) |
| *Defendants*. | ) |

Civil Action No.: 2:09CV937
**Plaintiff Demands Jury Trial**

## COMPLAINT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and would show unto this Honorable Court as follows:

## PRELIMINARY STATEMENT

1.      This Complaint seeks actual, compensatory, statutory and punitive damages, including injunctive and declaratory relief, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "the FCRA"), and state common law causes of action.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331,

and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Montgomery County, Alabama, and were committed within the Southern Division of the Middle District of Alabama.

## PARTIES

3.    Plaintiff Deloris S. Dockett (hereinafter referred to as "Plaintiff") is a natural person and a resident and citizen of Montgomery County, the state of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by the FCRA and Ala. Code 1975, § 8-19-3(2).

4.    Defendant Capital One Bank, N.A. (hereinafter referred to as "Capital One" or "Defendant") is a foreign corporation engaged in furnishing credit to consumers in the state of Alabama.

5.    Defendant Wells Fargo Financial Alabama, Inc. (hereinafter referred to as "Wells Fargo" or "Defendant") is a domestic corporation engaged in furnishing credit to consumers in the state of Alabama.

6.    Defendant GE Money Bank (hereinafter referred to as "GE" or "Defendant") is a domestic corporation engaged in furnishing credit to consumers in the state of Alabama.

7.    Defendant Equifax Information Solutions, LLC (hereinafter referred to as "Equifax" or "Defendant") is a foreign corporation licensed to do business within the state of Alabama. Equifax is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing

information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

8.     Defendant Experian Information Solutions, Inc. (hereinafter referred to as "Experian" or "Defendant") is a foreign corporation licensed to do business within the state of Alabama.  Experian is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

### Defendants Capital One, Wells Fargo and GE:

9.     Plaintiff incorporates by reference herein paragraphs one (1) through eight (8).

10.    On May 28, 2004, Plaintiff filed for debt relief under Title 11 of the United States Bankruptcy Code and was discharged on November 25, 2008.[1]

11.    Notwithstanding the aforesaid, Defendants continue to report Plaintiff's accounts to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having a current balance due and payable, rather than reflecting that such were discharged in bankruptcy.

---

[1]  United States Bankruptcy Court for the Middle District of Alabama, Case No.: 04-31483.

12.    More specifically:

    a)    Capital One reported and/or verified as recently as September 1, 2009, to Equifax and Experian that Plaintiff owes $1,335 to Capital One. Capital One was identified within amended Schedule F - Creditors Holding Unsecured Nonpriority claims with a balance of $1,167.68.

    b)    Wells Fargo reported, and continues to report, to Equifax that Plaintiff owes $3,299.00 to Wells Fargo. Wells Fargo was identified within Schedule F - Creditors Holding Unsecured Nonpriority Claims with a balance of $3,299. Furthermore, according to the Trustee's Report of Distribution, this Defendant received $1,200 through Debtor's bankruptcy, or the value of the collateral, pursuant to Debtor's Chapter 13 Plan.

    c)    GE reported, and continues to report, to Experian that Plaintiff owes $226.00 to GE. GE's assignor, consignor and/or transferor, J.C. Penny, was identified within Schedule F - Creditors Holding Unsecured Nonpriority claims with a balance of 226.00. Furthermore, it is implicit in GE's trade line entry - "[d]ebt included in or discharged through Bankruptcy Chapter - 13" - that GE obtain knowledge of Plaintiff's bankruptcy.

13.    Defendants obtained knowledge of Plaintiffs' discharge on at least two separate occasions, *i.e.*, receipt of the BNC Certificate of Service – Meeting of Creditors and the BNC Certificate of Service – Order of Discharge, as the result of their inclusion within Schedule F - Creditor's Holding Unsecured Nonpriority Claims, or an amendment

thereto, of Plaintiff's bankruptcy petition.

14.     Defendants have recklessly, intentionally, willfully and/or maliciously failed to
implement reasonable procedures to insure that Plaintiff's accounts are reported as having
"0" balances as contemplated by the Fair Credit Reporting Act. The FTC's Official Staff
Commentary § 607 item 6 states that "a consumer report may include an account that was
discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero
balance due to reflect the fact that the consumer is no longer liable for the discharged
debt." Acknowledging that the Federal Trade Commission's Staff Commentary lacks
substantive precedential esteem it is persuasive in that it provides an explanation of the
phrase "reasonable procedures."

15.     Notwithstanding that Defendants properly update numerous accounts each month they
have negligently, intentionally, maliciously and/or willfully refused to do so with
Plaintiff, and other similarly situated consumers. More specifically, Defendants have a
pattern or practice of failing and/or refusing to properly update credit files of consumers
who have obtained debt relief through the U.S. Bankruptcy Code.

16.     As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy
Court for the Middle District of Alabama, "[t]he sheer number of ... cases [filed for a
creditor's failure and/or refusal to update a discharged debtor's credit reports] may

suggest that some creditors are systematically taking such action in an effort to diminish the value of a discharge in bankruptcy."[2]

17.     Defendants have promised, through their subscriber agreements or contracts with the CRAs, to update accounts that have been discharged in bankruptcy but have willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA and state law which has resulted in this information remaining on Plaintiff's credit reports.

18.     Defendants have agreed to and understand they must follow the requirements of the FCRA including, but not limited to, the following:

a)      15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."[3]

b)      15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

---

[2] In re Norman, 2006 WL 2818814 (Bankr.M.D.Ala. September 29, 2006) (*citing Irby v. Fashion Bug (In re Irby), 337 B.R. 293 (Bankr.N.D.Ohio 2005)* (reporting discharged debts as past due on credit report); *Helmes v. Wachovia Bank, N.A. (In re Helmes), 336 B.R. 105 (Bankr.E.D.Va.2005)* (reporting the discharged debt as "over 120 days past due" on credit report); *Smith v. Am. Gen. Fin. Inc. (In re Smith), 2005 WL 3447645 (Bankr.N.D.Iowa Dec. 12, 2005)* (reporting discharged debts as "account charged off/past due 180 days," "charged off as bad debt," and "charged-off" on credit report); *In re Miller, 2003 WL 25273851 (Bankr.D.Idaho Aug. 15, 2003)* (listing discharged debts as still due on the consumer's credit report); *Vogt v. Dynamic Recovery Servs. (In re Vogt), 257 B.R. 65 (Bankr.D.Colo.2000)* (reporting discharged credit card debts as still owed on credit report); *Carriere v. Proponent Fed. Credit Union, 2004 WL 1638250 (W.D.La. July 12, 2004)* (reporting discharged debts as "charged off" and "past due 180 days" on credit report)).
[3] As indicated herein, Defendant has either affirmed the validity of, or attempted to collect upon, these debts by reporting the same to the CRAs subsequent to Plaintiff's discharge.

        (i)     the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

        (ii)    the information is, in fact, inaccurate."

  c)    15 U.S.C. § 1681(a)(2) which states, "[a] person who -

        (A)    regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

        (B)    has furnished to a consumer reporting agency information that the person <u>determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate</u>, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate." (emphasis supplied).

19.    Defendants know that "parking" a balance on consumer accounts will lead to the publication of false and defamatory information every time that consumer's credit reports are accessed. Because Plaintiff's credit reports have been accessed since the discharge, Plaintiff has been defamed in that such false information has been published to third parties.

20.    All actions taken by employees, agents, servants, or representatives of any type for

Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

21.     Defendants' actions, engaging in a pattern or practice of parking balances on consumer accounts that have been discharged in bankruptcy, were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiff, with the knowledge that their actions would very likely harm Plaintiff, and that their actions were taken in violation of the law.

22.     The actions, omissions, misrepresentations, and violations of the FCRA and state law of Defendants, regarding Plaintiff's discharged debts, as described herein, have proximately caused Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiff will in the future continue to suffer.

**Defendants Equifax and Experian:**

23.     Defendants have failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they have published, and continue to publish, in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

24.     Indisputably, based upon the sheer volume of factually identical actions, Defendants should reasonably be aware of the inadequacy of their procedures and implement policies to improve the accuracy of the information they publish.  The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should

reasonably be aware of, resulting from procedures followed by its sources of information."

25.     Defendants' intentional, reckless, and willful violations of the FCRA and state law have proximately caused Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

**COUNT ONE**
**ALL DEFENDANTS**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681, *et seq.***

26.     Plaintiff incorporates by reference herein paragraphs one (1) through twenty-five (25).

27.     In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

    a)      By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information they report as required by 15 U.S.C. § 1681(e)(b);[4]

    b)      By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

    c)      By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to

---

[4] Because the consumer credit files of Plaintiffs, as maintained by both Equifax and Experian, contain information regarding Plaintiffs' bankruptcy, it is undisputed that these Defendants possess knowledge regarding the same.

update and/or correct previously reported information determined to be inaccurate
or incomplete, failing to provide notice of dispute, and failing to provide notice of
closed account;

c)      Defaming Plaintiff by publishing to third parties false information
regarding Plaintiff's creditworthiness;

d)      Invading the privacy of Plaintiff; and

e)      Failing in their duty to prevent foreseeable injury to Plaintiff.

28.   The foregoing acts and omissions were undertaken by Defendants willfully, intentionally,
and knowingly as part of their routine credit reporting and/or credit furnishing business,
and in gross reckless disregard of the rights of Plaintiff.

29.   As a result of the above violations of the FCRA, Defendants are liable for Plaintiff's
actual, compensatory, and statutory damages, and costs and attorney's fees under the
FCRA.

**COUNT TWO**
**DEFENDANTS CAPITAL ONE, WELLS FARGO, AND GE**
**NEGLIGENT, RECKLESS AND WANTON CONDUCT**

30.   Plaintiffs incorporate herein by reference paragraphs one (1) through twenty-nine (29).

31.   Defendants' acts, as described herein, were done so negligently and without care or
concern for the well-being of Plaintiff.

32.   As a proximate consequence of Defendants' negligence, Plaintiff has been caused to
suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for
actual, compensatory, and punitive damages, costs and attorney's fees, and any other and

further relief deemed appropriate by this Court.

## COUNT THREE
## ALL DEFENDANTS
## INVASION OF PRIVACY

33.    Plaintiff incorporates by reference herein paragraphs one (1) through thirty-two (32).

34.    Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in

that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and

places Plaintiff in a false light in the eyes of those to whom the publications are made.

35.    Defendants' actions were done so maliciously, without privilege, and with a willful intent

to injury Plaintiff.

36.    As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has

been caused to suffer severe emotional and mental distress, and Defendants are liable to

Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and

any other and further relief deemed appropriate by this Court.

## COUNT FOUR
## ALL DEFENDANTS
## DEFAMATION

37.    Plaintiff incorporates by reference herein paragraphs one (1) through thirty-six (36).

38.    Defendants published false information about Plaintiff by reporting to one or more of the

CRAs, or other third parties, either a false account or balance.

39.    Likewise, Defendants published false information about Plaintiff each time Plaintiff's

credit reports were accessed – which was the result intended by Defendants.

40.    The publications and defamations were done so maliciously, without privilege, and with

a willful intent to injure Plaintiff.

41.  As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FIVE
## DEFENDANTS CAPITAL ONE, WELLS FARGO, AND GE
## DECLARATORY AND INJUNCTIVE RELIEF

42.  Plaintiffs incorporate herein by reference paragraphs one (1) through forty-one (41).

43.  A dispute exists as to whether Defendants have violated the FCRA or state law.

44.  Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that Defendants violated the FCRA and state law, and Plaintiff is similarly entitled to an order enjoining said acts.

45.  As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

46.  Defendants' actions, omissions, and violations, as alleged herein, constitute the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

**WHEREFORE, THE PREMISES CONSIDERED**, Plaintiff respectfully prays that

judgment be entered against Defendants, jointly and severally, by this Court for the following:

a)     Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants Capital One, Wells Fargo and GE to be unlawful, enjoining such Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b)     Award Plaintiff actual damages;

c)     Award Plaintiff punitive damages;

d)     Award Plaintiff statutory damages where applicable;

e)     Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

f)     Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g)     Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the _6th_ day of _October_, 2009.

**PLAINTIFFS DEMAND TRIAL BY JURY**

Anthony Brian Bush (BUS028)
*Attorney for Plaintiffs*
**LEWIS, BUSH & FAULK, LLC**
The Bailey Building, Second Floor
P.O. Box 5059 (36103)
400 South Union Street, Suite 230
Montgomery, Alabama 36104
(334) 263-7733    Phone
(334) 832-4390    Facsimile
anthonybbush@yahoo.com
ASB: ASB-7306-A54B

## DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES

**CAPITAL ONE BANK, N.A.**
6356 Corley Road
Norcross, Georgia 30091

**WELLS FARGO FINANCIAL ALABAMA, INC.**
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

**GE MONEY BANK**
c/o The Corporation Company
2000 Interstate Park Dr Ste 204
Montgomery, AL 36109

**EQUIFAX INFORMATION SERVICES, LLC**
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109